**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN ANGELES, et al._<br><br>Plaintiffs,<br><br>vs.<br><br>JEH C. JOHNSON, Secretary of Homeland Security, et al.<br><br>Defendants.[1] | Case No.: 13-cv-00008-BTM-RBB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Plaintiffs Alan Angeles and Nataly Angeles are Mexican citizens residing within this Court's jurisdiction (Am. Compl. ¶ 1).[2]  They have both filed applications for adjustment of status with United States Citizenship and Immigration Services ("USCIS"), which were denied (Am. Compl. ¶¶ 4-11).  Plaintiffs contend that Defendants' denial of their applications is

---

[1] Pursuant to Federal Rule Civil Procedure ("Fed. R. Civ. P.") 25(d), the Court substitutes Jeh C. Johnson and the other Defendants listed in footnote 1 of Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, for the Defendants listed in the Amended Complaint.

[2] Unless otherwise noted, all facts herein are taken from the Amended Complaint (Doc. 10), and all "¶" citations are references to paragraphs of the Amended Complaint ("Am. Compl.").

arbitrary, capricious, and unlawful, and seek a ruling from this Court that they are, in fact, eligible for adjustment of status as derivative beneficiaries of the Form I-130[3] application filed by their grandfather on behalf of their father in 1977 pursuant to 8 U.S.C. § 1255(i) and § 1154(l) (Am. Compl. ¶¶ 29, 31).  Defendants have moved to dismiss Plaintiffs' Amended Complaint for lack of jurisdiction and failure to state a claim.  For the following reasons, Defendants' motion is **GRANTED** in part and **DENIED** in part.

## I.  BACKGROUND

Plaintiffs' grandfather, Luis Herrera Angeles, registered to immigrate to the United States under the then existing Western Hemisphere Program ("WHP") at the beginning of October, 1976 (Am. Compl. ¶ 14).  Luis entered the United States as an immigrant on October 5, 1976 (Id. at ¶ 15).  On January 1, 1977, the WHP ended and was replaced with a preference system (Id. at ¶ 16).  On or about June 10, 1977, Luis filed a Form I-130 to allow Plaintiffs' father, Demetrio, to immigrate (Id. at ¶ 15).

On August 27, 1977, Luis's Form I-130 for Demetrio was approved and Demetrio was assigned to category "P2-2," the preference designation for an unmarried son or daughter of a lawful permanent resident under the preference system that replaced the WHP (Am. Compl. ¶ 18; Doc 13-2, Motion to Dismiss, Exhibit B).  On February 15, 1978, Demetrio entered the United States as a lawful permanent resident (Am. Compl. ¶ 19).  However, Demetrio's Immigrant Visa and Alien Registration form was not marked as "P2-2," but rather as "SA-1," the designation for individuals immigrating under the old WHP (Am. Comp. ¶ 19; Doc. 13-2, Motion to Dismiss, Exhibit C).

---

[3] Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa.

Plaintiff Alan Angeles filed a Form I-485 application to adjust his residency status on September 19, 2011.  Plaintiff Nataly Angeles filed the same form application on May 24, 2012.  Both applications sought adjustment of status as derivative beneficiaries of the Form I-130 application filed by their grandfather, Luis, on behalf of their father, Demetrio.  Defendants reviewed and denied these applications on May 31, 2012 and September 10, 2012, respectively (Am. Compl. ¶¶ 4-5).  Defendants' denials explained that Plaintiffs were ineligible because Demetrio had used his Form I-130 to immigrate, and thus the form was unavailable for Plaintiffs to use to adjust their status under either 8 U.S.C. §1255(i) or 8 U.S.C. §1154(1).

Plaintiffs filed the present action on January 2, 2013, and shortly thereafter Defendants sent notice to Plaintiffs that they would reopen their applications (Am. Compl. ¶¶ 7-8).  On April 10, 2013, Defendants sent Plaintiffs notice of intent to deny the reopened application (Am. Compl. ¶ 9).  Both notices stated that Plaintiffs were seeking to establish Western Hemisphere Priority Dates (Id.).  Plaintiffs sent a timely response to Defendants, clarifying that they were not trying to establish Western Hemisphere Priority Dates, but were rather seeking benefits under 8 U.S.C. §1255(i) and 8 U.S.C. §1154(l) (Am. Compl. ¶ 10).  On July 18, 2013, Defendants again denied Plaintiffs' I-485 applications for the same reason they had been previously denied (Doc. 13-2, Motion to Dismiss, Exhibit A).

## II.  LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) provides for dismissal of complaints where the court "lack[s] . . . subject-matter jurisdiction."  Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of

the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541(1986). Thus, "[f]ederal courts have no power to consider claims for which they lack subject-matter jurisdiction." Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992). "[T]he burden of establishing . . . [that a cause lies within this limited jurisdiction] rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

Fed. R. Civ. P. 12(b)(6) provides for dismissal of complaints which "fail[] to state a claim upon which relief can be granted." In other words, "[a] Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009). Evidence outside the complaint should not be considered in ruling on a motion to dismiss for failure to state a claim. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). However, a document is not outside complaint, so as to require treatment of a motion to dismiss as one for summary judgment, "if the complaint specifically refers to the document and if its authenticity is not questioned." Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). Lastly, a court should not dismiss an action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support a claim entitling him or her to relief. Conley v. Gibson, 355 U.S. 41, 45

(1957); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (2001). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

## III.  DISCUSSION

Defendants assert that Plaintiffs' Amended Complaint should be dismissed, both due to lack of subject matter jurisdiction and for failure to state a claim.  The Court will consider each argument in turn.

### A. Subject Matter Jurisdiction

Plaintiffs have invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1361, Mandamus Act; 28 U.S.C. § 1651, the All Writs Act; 28 U.S.C. § 2201, Declaratory Judgment Act; and 5 U.S.C. § 701 et seq., Administrative Procedures Act ("APA"), right of review.

Defendants argue that the Court lacks jurisdiction over Plaintiffs' mandamus claim because Plaintiffs do not have a right to the relief they are seeking and other remedies will afford adequate relief.  See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); Kerr v. U.S. Dist. Court for Northern Dist. of California, 426 U.S. 394, 402 (1976) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."); Heckler v. Ringer, 466 U.S. 602, 603-04  (1984) ("§ 1361 is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes him a nondiscretionary duty.").

Defendants also argue that the Court lacks jurisdiction over Plaintiffs' all-writs claims because the All Writs Act is not an independent basis for jurisdiction. See 28 U.S.C. § 1651 ("all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); United States v. New York Tel. Co., 434 U.S. 159, 172 (1977) (recognizing "the power of a federal court to issue . . . commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued *in its exercise of jurisdiction otherwise obtained*." (emphasis added)).

Plaintiffs do not oppose Defendants' motion to dismiss regarding their claims pursuant to the Mandamus Act and the All Writs Act. Therefore, those claims are dismissed.

However, Defendants have not contested Plaintiffs' remaining bases of jurisdiction under the Declaratory Judgment Act and APA right of review. 28 U.S.C. § 2201 grants federal courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." In this case, Plaintiffs are seeking a declaration of their right to adjustment of status. Additionally, § 702 of the APA provides that "[a] person suffering [a] legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof," and § 706 empowers the court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Plaintiffs are asking this Court to review the Department of Homeland

Security agency decision to deny them an adjustment of status, and are entitled to such review under § 702.

Accordingly, the Court finds that it has subject matter jurisdiction to consider Plaintiffs' claims on the basis of 28 U.S.C. § 2201 and 5 U.S.C. § 701 et seq.

### B. Failure to State a Claim

8 U.S.C. § 1255(i)(1) provides that "an alien physically present in [the] United States . . . who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 1153(d) of this title) of . . . a petition[4] for classification under section 1154 of this title that was filed with the Attorney General on or before April 30, 2001 . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence."  The parties disagree as to whether Plaintiffs are beneficiaries of a valid petition for classification for purposes of §1255(i)(1).

Plaintiffs contend that the Form I-130 submitted by their grandfather, Luis, on behalf of their father, Demetrio, was approved but never used because Demetrio's classification of admission on his Immigrant Visa and Alien Registration was marked as "SA-1," a WHP designation that did not require a Form I-130.  Plaintiffs reason that, had Demetrio used the Form I-130, his admission status would have been "P2-2," the category for a child of a permanent resident under the WHP system.  Plaintiffs contend they are entitled to use Demetrio's approved but unused Form I-130 to qualify for adjustment of their status.  Defendants argue that, under the applicable

---

[4] A relative alien petition can be based on Forms I-130, I-360, I-600, I-800.  Here at issue is a Form I-130.

law at the time, Demetrio could only gain admission to the United States with a labor certification[5] or a valid Form I-130, and because he lacked a labor certificate, he must have used his Form I-130. Defendants emphasize that Demetrio's immigrant visa includes an annotation in the labor certification box showing that Demetrio was exempt with the words "I-130 attached" typewritten below – however, the Form I-130 is not included as an attachment to the immigrant visa provided as Defendants' Exhibit C.

The pleadings and attachments thereto make several conflicting factual assertions, resolution of which is necessary to answer the legal question of whether Plaintiffs qualify for adjustment of status under 8 U.S.C. § 1255(i).  First, the parties dispute whether or not Demetrio actually used the Form I-130 that Luis filed on his behalf when completing the immigration process, or instead immigrated by "following to join" his father under the WHP after its amendment on January 1, 1977.  Second, the parties dispute the meaning of Demetrio's immigrant visa classification under the SA-1 category, whether or not the Consular Officer at the American Consulate in Tijuana, Mexico, correctly used that designation to classify Demetrio, and consequently, whether that classification shows that Demetrio was admitted under the WHP.

While the parties agree that the SA-1 designation was given to individuals immigrating under the WHP, Plaintiffs take this designation as proof that Demetrio immigrated under the WHP, without using the Form I-

---

[5] The WHP operated on a "first-come, first served basis," with the only restriction being that an alien entering the country to perform skilled or unskilled labor was required to obtain a certification from the Secretary of Labor indicating that his entry would not adversely affect the American labor market.  See 8 U.S.C. § 1101(a)(27)(A) (1965).  Parents, spouses and children of U.S. citizens and permanent residents were exempt from this requirement.

130. Plaintiffs argue that had Demetrio immigrated as an unmarried child of a permanent resident, i.e., under the Form I-130, the proper immigrant visa designation at the time would have been a P2-2, offering evidence to that effect. Plaintiffs do not believe that the SA-1 designation was a mistake, given that it was made by a Consular Officer and later independently inspected by an employee of the former Immigration and Naturalization Service upon Demetrio's entry into the United States. Plaintiffs also state that the SA-1 designation matches the "w/h" state/area designation, also appearing on Demetrio's immigration visa, which Plaintiffs contend is reasonably interpreted as "western/hemisphere." Plaintiffs argue that had Demetrio been admitted under the Form I-130 instead of the WHP, his state/area designation would have been his birth country, Mexico.

Without explicitly stating so, Defendants appear to argue that the SA-1 designation was a mistake, since such designation marks Demetrio as a WHP recipient in his own right. Defendants argue that Demetrio could not have immigrated under the WHP, as a child "following to join" his father per 8 U.S.C. 1101(A)(27) (1969), because his immigration occurred in February of 1978, over one year after the WHP was amended to require a labor certification even of close relatives who were "following to join" a WHP immigrant. The evidence before the Court does not show Demetrio possessing a labor certification at the time of his immigration. Thus, according to Defendants, Demetrio must have immigrated under an exemption, and specifically by using the Form I-130 as a way around the labor certificate requirement. This conclusion, however, assumes facts not in evidence.

Because the standard on a motion to dismiss requires the Court to construe allegations of material fact in a light most favorable to Plaintiffs, and accept them as true, Plaintiffs' allegation that the Form I-130 remained unused when Demetrio immigrated to the United States must be accepted over Defendants' contrary allegations. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Consequently, Plaintiffs' assertions that they filed the Form I-485 Applications for Adjustment of Status, still qualify for adjustment on the basis of their father's unused Form I-130, and that USCIS nevertheless denied their applications raises a cognizable cause of action for judicial review of agency action under the APA's arbitrary and capricious standard. Additionally, given the nature of the allegations raised in the pleadings and exhibits thereto, it is premature to determine whether Plaintiffs do or do not meet the legal qualifications for adjustment of status under 8 U.S.C. § 1255(i). Such determination is best suited for a motion for summary judgment with oral argument. Since this is an APA action, the Court may be limited in its scope of review, that is, whether substantial evidence supports the agency fact finding and whether the decision was legally erroneous. See, e.g., Melkonian v. Ashcroft, 320 F.3d 1061, 1065 (9th Cir. 2003) (noting that an agency's factual findings must be upheld "if supported by reasonable, substantial, and probative evidence in the record"); Bonnichsen v. U.S., 367 F.3d 864, 880 n. 19 (9th Cir. 2004) ("substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal citation omitted).

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED** as to Plaintiffs' claims for review under the Mandamus Act and All Writs Act, and is **DENIED** as to Plaintiffs' claims for review under the APA and Declaratory Judgment Act. Plaintiffs' claims for review under the Mandamus Act and All Writs Act are **DISMISSED**. Defendants' motion to dismiss for failure to state a claim is **DENIED**. Defendants shall file an answer to the Plaintiffs' Amended Complaint within 14 days of the entry of this order. The parties shall be accorded oral argument on a motion for summary judgment after the record for the court's consideration is complete. The parties shall appear before the Court for a status conference on Friday, October 17, 2014, at 3:30 p.m. in Courtroom 15B of the Annex.

**IT IS SO ORDERED.**

Dated: September 29, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court